# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHAEL J. SINDRAM,

    Plaintiff,

    v.

SUPERIOR COURT DISTRICT OF COLUMBIA,

    Defendant.

Civil Action Nos. 10-01994, 11-00307, 11-00862 (JDB)

## MEMORANDUM OPINION

Plaintiff Michael Joseph Sindram ("Sindram") appeals multiple orders entered by the U.S. Bankruptcy Court for the District of Columbia in the adversary proceeding Sindram v. Superior Court, District of Columbia, No. 09-10036 (Bankr. D.D.C.). For the reasons explained below, the Court will dismiss all three appeals.

## BACKGROUND

Sindram is no stranger to the judicial system. The Court's review is occasioned by Sindram's status as a "serial litigant" who has filed numerous frivolous actions in this district court and others. See Sindram v. Circuit City, No. 92-2138, 1992 WL 391359 (D.D.C. Dec. 14, 1992). As such, Sindram has been enjoined from filing actions in district court in forma pauperis without leave of court. See id.; see also Sindram v. Saunders, No. 03-2110, 2004 WL 5459796 (D.D.C. Aug. 11, 2004); Sindram v. Suda, 1992 U.S. Dist. LEXIS 8977 (D.D.C. June 24, 1992).

The constitutional right of access to the courts is not absolute or unconditional. In re Green, 669 F.2d 779, 785 (D.C. Cir. 1981). If a litigant persistently abuses the judicial

1

process by filing repetitive, frivolous lawsuits, "a [c]ourt may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." Urban v. United States, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Sindram has a persistent record of filing frivolous suits. He has been enjoyed from filing pleadings and/or sanctioned by the United States Supreme Court, see In re Sindram, 498 U.S. 177 (1991); the United States Court of Appeals for the District of Columbia Circuit, see Sindram v. Johnson, 1993 WL 13959 (D.C. Cir. Apr. 20, 1993); the United States District Court for the District of Maryland, see Sindram v. Wallin, No. 90-800 (D. Md. Mar. 16, 1990); the Circuit Court for Montgomery County, Maryland, see Sindram v. Roth, No. 63862 (Mont. Cnty. Cir. Jan. 14, 1993) (providing examples of the "abusive practices and bad faith litigation the citizens of [Maryland] are caused to suffer at the hands of Michael Sindram"); and the Superior Court of the District of Columbia, see Sindram v. Thorne, No. 03-CA-9551 (Super. Ct. D.C. Feb. 10, 2004).

Sindram's current series of appeals originate with an adversary proceeding Sindram initiated against the Superior Court of the District of Columbia on October 2, 2009 [Bankr. Docket Entry 1], in which Sindram sought to attack a 1992 order entered by that court [Bankr. Docket Entry 5]. The bankruptcy court dismissed the adversary proceeding because Sindram failed to state a claim upon which relief could be granted. Sindram filed a response [Bankr. Docket Entry 8], and the bankruptcy court issued a final dismissal on the merits on January 20, 2010 [Bankr. Docket Entry 10]. On January 29, 2010, Sindram filed a Notice of Appeal from that judgment [Bankr. Docket Entry 13]. The appeal generated a case in district court, which the clerk docketed as Civil Action

No. 10-00402 [Bankr. Docket Entry 16]. On August 6, 2010, Judge Leon dismissed the merits appeal with prejudice [Bankr. Docket Entry 26].

Post-judgment proceedings have produced ten additional orders entered by the bankruptcy court, three of which are the subject of the appeals now pending before this Court. As part of Sindram's appeal of the bankruptcy court's January 20, 2010, order, he requested that the clerk transmit his case to a bankruptcy appellate panel. On June 27, 2010, the bankruptcy court denied Sindram's request because no such panel exists [Bankr. Docket Entry 19]. Sindram then filed a Notice of Appeal of that order [Bankr. Docket Entry 21] ("appellate-panel appeal"). That appeal generated Civil Action No. 10-1397 in district court [Bankr. Docket Entry 27]. On September 22, 2010, Judge Leon dismissed the appellate-panel appeal with prejudice.

Incident to Sindram's appellate-panel appeal, the clerk's office issued him a notice advising him that he had failed to pay the required appeal fee [Bankr. Docket Entry 22]. On July 12, 2010, Sindram responded by filing an application to proceed in district court without prepayment of fees [Bankr. Docket Entry 24]. The first two cases the Court addresses here, Civil Action Nos. 10-01994 and 11-00307, relate directly to Sindram's request to proceed in forma pauperis in various appeals. They are frivolous. The third case, Civil Action No. 11-00862, similarly without merit, involves an appeal of the bankruptcy court's denial of a supplemental motion by Sindram in his attempt to proceed in forma pauperis in Civil Action No. 11-00307.

**DISCUSSION**

I. <u>Civil Case No. 10-01994</u>

On October 7, 2010, the bankruptcy court denied Sindram's application to proceed <u>in forma pauperis</u> [Bankr. Docket Entry 29]. The bankruptcy court denied the application without prejudice to Sindram's renewal of the request before the district court. On October 14, 2010, Sindram filed an appeal from the October 7, 2010, order denying his application [Bankr. Docket Entry 34], which is Civil Action No. 10-01994 in district court [Bankr. Docket Entry 39].

The bankruptcy court in its October 7, 2010, Memorandum Opinion noted that it had granted Sindram's request for waiver of the filing fee in the underlying bankruptcy case. That court found Sindram's appeal was "entirely without merit" and "not taken in good faith." Sindram now presents no legal support for his appeal of the bankruptcy court's Order [<u>see</u> No. 10-01994, Docket Entry 3], and the Court finds that the appeal is wholly without merit.

Further, Sindram's October 14, 2010, appeal of the order denying him the ability to proceed <u>in forma pauperis</u> concerns the bankruptcy court's June 27, 2010, order denying him access to a bankruptcy appellate panel. Because Judge Leon dismissed Sindram's appellate-panel appeal with prejudice, Sindram's appeal of the October 7, 2010, order is moot. Accordingly, for both these reasons, the Court will dismiss Sindram's October 14, 2010, appeal.

II. <u>Civil Case No. 11-00307</u>

After Sindram filed his October 14, 2010, appeal, the clerk's office again issued a notice advising him that he had failed to pay the required filing fee [Bankr. Docket Entry

35]. Sindram responded by filing an application to proceed without prepayment of fees [Bankr. Docket Entry 37]. On December 21, 2010, the bankruptcy court denied Sindram's request to proceed <u>in forma pauperis</u> in Civil Action No. 10-01994 in district court, [Docket Entry 41], again finding in its Memorandum Decision that Sindram's October 14, 2010, appeal was "plainly frivolous" and not "prosecuted in good faith." [Bankr. Docket Entry 40]. On December 27, 2010, Sindram filed an appeal from the December 21, 2010, order denying his application [Bankr. Docket Entry 44]. The district court clerk assigned Sindram's appeal to this Court as Civil Action No. 11-00307 [Bankr. Docket Entry 52].

Sindram's December 27, 2010, appeal is also wholly without merit. Further, as discussed above, Sindram's October 14, 2010, appeal of the denial of <u>in forma pauperis</u> status in his appellate-panel appeal is moot. It follows that Sindram's December 27, 2010, appeal of the denial of <u>in forma pauperis</u> status in his October 14, 2010, appeal is also moot. Accordingly, the Court will dismiss Sindram's December 27, 2010, appeal for these reasons.

**III.** <u>**Civil Case No. 11-00862**</u>

After Sindram filed his December 27, 2010, appeal, the clerk's office again issued a notice advising him that he had failed to pay the required appeal fee [Bankr. Docket Entry 45]. Sindram responded by filing an application to proceed without prepayment of fees [Bankr. Docket Entry 47]. On January 24, 2011, the bankruptcy court denied Sindram's request to proceed <u>in forma pauperis</u> in Civil Action No. 11-00307 in district court, [Docket Entry 48], finding yet again that Sindram's December 27, 2010, appeal was "frivolous" and not "prosecuted in good faith" [Bankr. Docket Entry 48]. Rather

5

than filing a notice of appeal of the December 27, 2010, order, Sindram responded by filing a request with the bankruptcy court for it to reconsider its decision [Bankr. Docket Entry 51]. Sindram supported his request with an opinion from the Fourth Circuit. On February 10, 2011, the bankruptcy court denied <u>that</u> request [Bankr. Docket Entry 53]. Sindram responded by filing a "Supplemental Motion for Clarification and Modification" with the bankruptcy court [Bankr. Docket Entry 55]. On March 29, 2011, the bankruptcy court denied Sindram's motion. [Bankr. Docket Entry 59]. On April 5, 2011, Sindram filed an appeal from the March 14, 2011, order denying his supplemental motion [Bankr. Docket Entry 63]. In the district court, the clerk assigned Sindram's appeal to this Court as Civil Action No. 11-00862 [Bankr. Docket Entry 39].

Sindram's April 5, 2011, appeal is frivolous and not filed in good faith. The bankruptcy court has addressed the merits of Sindram's claim, and Sindram raises no new legal issues [<u>see</u> 11-00862, Docket Entry 4]. Further, as discussed above, Sindram's December 27, 2010, appeal of the denial of <u>in forma pauperis</u> status in Civil Action No. 10-01994 is moot. It follows that Sindram's April 5, 2011, appeal, relating to the denial of <u>in forma paueris</u> status in the December 27, 2010, appeal, is also moot. Accordingly, the Court will dismiss Sindram's April 5, 2011, appeal.

Additionally, on May 13, 2011, Sindram filed a request with the district court clerk seeking to have this action assigned to "another judge other than Judge John D. Bates, who cannot [be] presumed to be impartial or free of bias." [No. 11-00862, Docket Entry 5]. Sindram offers no support for his assertion, and it is utterly without merit. He is simply unhappy with rulings of the Court, which is not a basis for recusal. Furthermore, Sindram failed to seek and obtain leave to file the request in violation of the

district court's August 6, 2010, memorandum order [Bankr. Docket Entry 26]. Accordingly, to the extent Sindram's May 13, 2011, filing is a motion for recusal, the Court will deny it.[1]

## **CONCLUSION**

For the foregoing reasons, the Court will dismiss the above-captioned cases as moot. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: June 21, 2011

---

[1] The three appeals at issue are ultimately related to Sindram's original January 29, 2010, appeal from the bankruptcy court's dismissal of the adversary proceeding. These cases "involv[e] the same parties and relat[e] to the same subject matter." D.D.C. Civ. R. 40.5(a)(4). Hence, it appears that any further requests by appellant to proceed without prepayment of fees, or any other challenges relating to his bankruptcy proceeding, should be assigned to the district court judge who presided over the January 29, 2010, merits appeal.